**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **NO.  0090 1:23CR00175-002** |
| | ) | **JUDGE KELLY** |
| | ) | |
| **MARK WAYNICK** | ) | |

_____

**SENTENCING MEMORANDUM OF THE DEFENDANT**
_____

Comes the Defendant, MARK WAYNICK, by and through counsel, and submits this Sentencing Memorandum, including factors under 18 U.S.C. § 3553.

SENTENCING GUIDELINE CALCULATIONS

The Presentence Investigation Report determines the base offense level at 14.  Without waiving any right to attack the finding of an aggravated assault, the Defendant does not contest the Level 14 finding.

The Defendant does object to the 4 level increase under USSG § 2A2.2(b)(2)(B).  It is the position of the Defendant that the flagpole was not, nor was it used, as a dangerous weapon.  Further, the record does not support a conclusion that the dangerous weapon, if present at all, was used with intent to cause bodily harm.  Intent to cause bodily harm is a specific requirement to impose a 4 level increase under USSG § 2A2.2(b)(2)(B).

In addition, the Defendant submits that the imposition of the 4 level increase amounts to double counting because the "dangerous weapon" component is also included in the crime itself, as

enhanced punishment under 18 USC § 111(b). *United States v. Pena*, 339 F.3d 715 (8th Cir. 2003).

The Defendant objects to the 6 level increase under USSG § 3A1.2(a)(1). The record does not support a conclusion that the status of a law enforcement victim was the motivation for the actions of the Defendant. The actions of the Defendant, as relates to the flagpole incident, clearly shows that there existed no specific target for its use. It would be illogical to conclude any motivation directed as at a law enforcement officer.

As previously argued above, this increase also amounts to double counting because the status of a law enforcement office is a necessary element of the offense itself.

The Defendant submits the correct offense is 14 with no criminal history category points, leaving an advisory guideline range of 15-21 months.

## 18 U.S.C. § 3553 FACTORS

The United States Supreme Court has amended the United States Sentencing Guidelines such that the Guidelines are no longer mandatory and are only advisory. See, United States v. Booker, 125 S.Ct. 738 (2005). In determining the sentence to impose, the Court shall consider the following:

> "(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)   the need for the sentence imposed –
>    (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)   the kinds of sentences available . . .
> (6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7)   the need to provide restitution to any victim of the offense."

18 USC § 3553(a).

## THE NATURE AND CIRCUMSTANCES OF THE OFFENSES

The Defendant disputes certain assertions contained in the Presentence Investigation Report. Specifically, the Defendant Mark Waynick contends that the facts contained in paragraph 28 are inaccurate. The Defendant insists he never "swung" the flagpole.

Otherwise, the Defendant relies upon the testimony and evidence presented at trial.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Before the Court for sentencing is a 54 year old man with no prior criminal record with a high school education.

The Defendant is the owner of Waynick Plumbing, located in Charlotte, Tennessee. The co-Defendant, his son Jerry Waynick, is his only employee.

The Defendant has been gainfully employed, in some capacity, since the age of 5, working alongside his father. Upon reaching the age of 18, he has been constantly employed.

As indicated by the Presentence Report, the Defendant was the product of good upbringing by loving family members and still enjoys their support.

The Defendant has been married since 2000 and is the father of one child, the co-Defendant Jerry Waynick.

His wife is gainfully employed and assists with the Defendant's business, as well as duties on their farm owned by the couple.

The family farm consists of 100 acres and the Defendant and his family work the farm. The farm animals consist of sugar gliders, sheep, ducks, hens, peacocks, geese and rabbits. The

Defendant has been responsible for working the farm in addition to his plumbing business.

The Defendant is in good physical and mental condition and plans to resume this work schedule upon his release from custody.

## CONCLUSION

A previously stated, the Defendant submits the appropriate offense level is 14 with an advisory sentencing guideline range of 15-21 months.  The Defendant has been in continued custody since April 17, 2024.  The Defendant respectfully submits that, based on all sentencing factors found in 18 USC § 3553, a time-served sentence of 6 months would be appropriate.

Respectfully submitted,

/s/  Michael Flanagan
Michael J. Flanagan, #9445
Attorney for Defendant, Mark Waynick
95 White Bridge Road, Suite 512
Nashville, TN  37205
615/356-1580

/s/  Charles R. Haskell
Charles R. Haskell
Attorney for Defendant, Mark Waynick
641 Indiana Avenue, NW
Washington, DC  20004
202/888-8728

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been forwarded, via the Court's electronic filing system, to Aliya Khalidi and Kyle McWaters, Assistant United States Attorneys, and United States Probation on this 9th day of October, 2024.

/s/  Michael Flanagan
Michael J. Flanagan